# Emrey *v.* Regar, Appellant.

*Contract—Building contract—Payments—Accounting.*

In an action by a contractor for a balance alleged to be due under a building contract, it appeared that by the terms of the contract the plaintiff was to obtain bids for material and labor, and submit them to the defendant who was to award the subcontracts. The work not covered by the subcontracts was to be done by the plaintiff, who also undertook to superintend the erection and construction of the building. It was further stipulated that the plaintiff was to employ a watchman. The plaintiff was to receive for his compensation an amount equal to ten

EMREY *v.* REGAR, Appellant.

per cent of the total cost of the erection of the building, payable in three installments, the last within thirty days after the building had been completed.  Two payments were made during the course of the construction of the building.  The defendant claimed that plaintiff charged him for the wages of a watchman, and for the wages of two foremen who did the work which plaintiff agreed to do himself.  When one of the payments was made on account defendant noted on the bill a deduction for the watchman's wages, and further stated that the fore- man's wages were to be deducted at the time of final settlement. Plaintiff beneath this statement wrote the letters "O. K." and signed his name.  *Held*, (1) that the cost of the building on which plaintiff's commission was to be calculated was to be determined on final settlement; (2) that the partial payments did not estop defendant to have the question of the commissions determined after completion of the building; (3) that the agreement as to the deduction of the foreman's wages was a compromise, and as such binding as a contract; and (4) that the deductions claimed by the defendant were not matters of set-off requiring notice, but matters of defense which could be properly shown under the plea of payment.

Argued Dec. 18, 1912.  Appeal, No. 186, Oct. T., 1912, by defendant, from judgment of C. P. No. 2, Phila. Co., No. 5,288, on verdict for plaintiff in case of J. Paul Emrey v. George H. Regar.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Assumpsit to recover a balance alleged to be due on a building contract.  Before WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

At the trial the judge asked the following question:

The Court: What do you concede is after all the amount which they may calculate their commission on?

Mr. Sailer: We claim they may properly calculate their commission on $9,407.29.

The Court: Commission on that would be ten per cent.

Mr. Sailer: Nine hundred and forty dollars, and seventy-three cents.

The Court: Has anything been paid on account?

Mr. Sailer: Five hundred dollars has been paid on account.

The Court: There is still due then $440.73.

Mr. Sailer: Four hundred and forty dollars and seventy-three cents, without considering our further claims of set-off. As further claims of set-off we have three items; one a credit of watchman's wages, the expense of which was to be borne under the contract by Mr. Emrey, of $152.35; a second item of offset is an allowance for the wages of certain superintendents, the gross amount of which is $616.88; the third item is a certain credit for materials improperly charged in the statement of claim. They are items which we contend did not enter into the construction of the house and were improperly included in the statement. The amount of that would be $11.60.

Mr. Hunsicker: I have deducted that. My total claim is $1,022.52, upon which a credit of $500 is allowed.

The Court: That is $522.52?

Mr. Hunsicker: Without interest.

George H. Regar, recalled.

Counsel for defendant offers to show by this witness a claim under the last clause of the specifications, which reads as follows: to wit, "The contractor shall, at his own expense, provide a watchman, whose duty it shall be to carefully watch the building through the night and in the day when the workmen are absent from the building."

The Court: You propose to show you have been charged for that and ought not to have been?

Mr. Sailer: We do. Objected to by counsel for plaintiff on the ground first, that the plaintiff, Emrey, was not a contractor within the description of the preamble of the contract read in evidence, and of the last clause of the specifications, which were and are a part of that contract.

Secondly, on the ground that the items of wages which it is now said should be charged to the plaintiff Emrey, have already been recognized as valid charges

70          EMREY *v.* REGAR, Appellant.

Statement of Facts—Assignment of Errors.    [54 Pa. Superior Ct.

against Regar and paid for by him, as is shown by the monthly statements now in evidence.

Thirdly, that it is not competent in this inquiry to go back of the settlement already made in the premises, and thus to discredit items heretofore admitted to be in favor of the plaintiff, in order to substantiate an offset in favor of the defendant.

Fourth, because no notice has been served upon the plaintiff under Rule 16, page 135, Rules of Court.

Objection sustained.    Exception 4.

Defendant's points are as follows:

3. Under the terms of the agreement of May 4, 1910, as offered in evidence, Regar is entitled to deduct the wages of Milne and Smith in full in ascertaining the cost of the said house.    *Answer:* That I decline to charge. [1]

4. If the jury believe that Emrey signed the said agreement of May 4, 1910, in the form in which it appeared, then he is bound by its terms, whether it now appears to have been a wise or foolish transaction, and Regar is entitled to a credit under said agreement of the full amount of the wages of Milne and Smith in final settlement with Emrey.    *Answer:* That I decline to affirm. [2]

5. If the amount properly due Emrey as commissions under the contract is less than the sum of the payments already made on account of commission and the credit to which Regar is entitled on settlement, then Regar is entitled to receive a certificate in his favor for such difference, together with interest thereon from the date when such settlement was due.    *Answer:* The fifth point I do not read because I decline to charge it.    [3]

Verdict and judgment for plaintiff for $586.58.    Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them, and (4) ruling on evidence, quoting the bill of exceptions.

*Randolph Sailer,* for appellant.—The agreement for the deduction of superintendents' wages was an agreement in compromise of disputed right, and was upon good consideration: Weiss v. Marks, 206 Pa. 513; Ebert v. Johns, 206 Pa. 395; Logan v. Mathews, 6 Pa. 417; McCullough v. Barr, 145 Pa. 459; Dreifus v. Salvage Co., 194 Pa. 475; Flegal v. Hoover, 156 Pa. 276; Brockley v. Brockley, 122 Pa. 1; Gaynor v. Quinn, 212 Pa. 362; Erie Forge Co. v. Iron Works Co., 22 Pa. Superior Ct. 550; Bernstein v. Hirsch, 33 Pa. Superior Ct. 87.

The monthly statements submitted and paid were clearly open to correction under the decisions, and were not accounts stated, irrevocably binding on the parties to this suit: Teller v. Sommer, 132 Pa. 33; Cole v. High, 173 Pa. 590; Allegheny County Lt. Co. v. Thoma, 31 Pa. Superior Ct. 102.

The evidence of set-off offered by defendant was admissible under the plea filed, and the offer did not violate any rule of court: Balsbaugh v. Frazer, 19 Pa. 95; White v. Walker, 3 Kulp, 336; Montz v. Morris, 89 Pa. 392; Snyder v. Rainey, 198 Pa. 356.

*J. Quincy Hunsicker,* with him *J. Quincy Hunsicker, Jr.,* for appellee.—The defendant not having given any notice in writing of counterclaim or set-off, or of special matter relating thereto, as required by the rule of court, was not in a position, if objected to, to introduce as a defense any such set-off or counterclaim: Finlay v. Stewart, 56 Pa. 183; Xander v. Com., 102 Pa. 434; Higgins Carpet Co. v. Latimer, 165 Pa. 617; Barckhoff Ch. Organ Co. v. Ecker, 184 Pa. 350; Am. Struct. Steel Co. v. Annex Hotel Co., 226 Pa. 461.

The agreement does not disclose upon its face any consideration. It is therefore prima facie at least a nudum pactum. At common law every contract not under seal requires a consideration to support it: Gilson v. Stewart, 7 Watts, 100; Shorb v. Shultz, 43 Pa. 207.

OPINION BY HEAD, J., July 16, 1913:

The plaintiff sues to recover a balance alleged to be due him under the terms of a written contract for the erection of a dwelling for the defendant. The plaintiff, by the terms of that contract, was to obtain from various subcontractors estimates for furnishing material and performing the labor necessary in the construction of several portions of the building according to the plans and specifications. In this respect he was, as the contract provides, the agent of the defendant, who reserved the right to accept or reject the estimates and award the subcontracts. The work not covered by these subcontracts was to be done by the plaintiff. He further undertook "to superintend the erection and construction of the said building in accordance with the plans and specifications and to enforce the contracts entered into by and with the consent and approval of the said Regar." Under the specifications which were a part of the contract between the parties it was further stipulated that the plaintiff "at his own expense shall provide a watchman whose duty it shall be to carefully watch the building through the night and in the day when the workmen are absent from the building." The plaintiff was to be paid for the discharge of the several obligations imposed on him by the contract under the terms of that provision in which the defendant "agrees to pay the said Emrey for his compensation in the erection of the said building a sum equal to ten per cent of the total cost of the erection of the said building excluding paper hanging and gas fixtures." This compensation was to be paid in the following manner: "$250.00 when the roof is sheathed in, $250.00 when the building is whitecoated, and the balance within thirty days after the building shall have been completed and accepted. . . . Whereupon all bills for work done or materials furnished in and about the erection and construction of the said building shall be calculated and the total thereof ascertained," etc. The two partial payments, $250.00 each, have been made, and the present action is to recover the

balance of the compensation alleged to be due the plaintiff under the terms of the contract quoted.

It is apparent we think that the cost of construction on which the plaintiff's percentage was to be calculated was to be ascertained and determined on a final settlement after the completion of the building. Partial payments made by the defendant during the process of construction on any account would not have the legal effect of estopping him to avail himself of his right to have the question finally determined after the completion of the building.

When it became apparent during the progress of the work that the actual cost of the building would run considerably above its estimated cost, disputes began to arise between the parties as to the manner in which the plaintiff was discharging his duties under the contract. The chief of these perhaps was the allegation by the defendant that the plaintiff was neglecting to furnish the superintendence which he had undertaken to do and that he was surcharging the time sheets and pay rolls with the wages of foremen, thus requiring the defendant to pay for what the plaintiff had agreed to furnish. In the statement for the month of April there appeared a charge for wages for one Rank, a foreman. The amount of this charge was deducted by the defendant from the amount of the statement and the balance of it was paid and accepted by the plaintiff. On the back of this statement the defendant testifies that he wrote the following agreement or stipulation to settle the dispute that had been pending: "May 4, 1910. Mr. Emrey:—As per our understanding, I have deducted all wages paid Foreman Rank from this bill amounting to $7.70; Milne & Smith wages in full to be deducted at time of final settlement." To this is attached this memorandum: "O. K. (Signed) J. P. Emrey."

The first and chief ground of defense arises on the effect of this stipulation or agreement. The defendant contends that he had been wrongfully required to pay about $600 in the wages of these two foremen which should never have been charged to him; that this sum should not

only form no part of the cost of the dwelling on which the plaintiff's percentage was to be calculated, but that he should be credited with the money so paid as against the plaintiff's claim for the balance of this compensation. The plaintiff denies he signed the memorandum of agreement in the form in which it appears. If the fact were material this of course presented an issue for the jury. The only reason advanced why it would not be material is the allegation that, even if it were signed, there was no legal consideration to support the plaintiff's agreement that the wages complained of should be deducted on final settlement. If proven to have been made we think "such an agreement was not an accord but a compromise and is as binding as any other contract." Per MITCHELL, J., in Flegal v. Hoover, 156 Pa. 276.

The next defense is that defendant was wrongfully charged with about $150 of wages paid to the watchman, who, under the terms of the contract, was to be employed and paid by the plaintiff. These two items amount to more than the balance of the compensation that would be due to the plaintiff on account of his percentage. The defendant therefore argues that he has paid to the plaintiff all that he owes, and in fact has overpaid him, and to the extent of that overpayment he demands a certificate of balance.

The learned trial judge held that it was not competent for the defendant to make defense along the lines indicated and directed a verdict for the plaintiff for the amount that would be apparently due him in the absence of any defense. In this we think he fell into error. The defendant was not attempting to set off against the claim of the plaintiff some debt or damages due and owing to him from the plaintiff. He was first of all availing himself of the right secured to him by the contract to have the cost of the building, and the whole of that cost, ascertained and determined after its completion. He was not precluded because of the partial payments he had made from the full exercise of his contract right. When that would

be ascertained by the deduction from the plaintiff's claim of any and all items wrongfully entering into the aggregate cost, then the defendant under his plea of payment with leave was entitled to show, if he could, that he had already advanced to the plaintiff more money than should have been demanded, and therefore that nothing further was due. And if the moneys thus advanced would appear to have exceeded the plaintiff's claim for compensation, we can see no good reason why such excess should not be refunded in a certificate of balance. For these reasons we think the case was tried on the wrong theory and that the learned judge fell into error in instructing the jury to find a verdict for the plaintiff as if no legal defense had been advanced.

The judgment is reversed and a venire facias de novo awarded.