## Scott *versus* Lauman, Administrator.

104  593|<br>122  187|

1. To constitute a valid gift, there must be a delivery of the property to the donee or to some person for his use. Without delivery, it is not a gift but only a contract to give, which is invalid for want of consideration.

2. A. executed an assignment of a certificate of deposit to B. by indorsement thereon, remarking to his attorney who drew it, that he and B. had been engaged in business together and had never had a settlement; that the attorney should take the indorsed certificate with him and keep it in his safe; that "it was for B." The attorney retained the certificate until after A.'s death, when he delivered it to B. *Held*, that it was invalid as a gift for want of delivery, and as a contract, for want of consideration.

November 8th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county :* Of October and November Term 1883, No. 218.

Feigned issue, wherein George R. Lauman, administrator d. b. n. c. t. a. of William Scott, deceased, was plaintiff, and Andrew Scott was defendant, to determine whether the right to a certain sum of $4,000 passed to the defendant by the following indorsed certificate of deposit.

No. 2,432.                    MASONIC BANK,                 }
                PITTSBURGH, PA., October 31st 1879. {

William Scott has deposited in this Bank, forty-one hundred and eighty-one and 20-100 dollars, to be left for six months, and to bear interest at the rate of four per cent. per annum, when due.

If not presented for payment at maturity, to be continued as a renewal.

CHAS. B. McLEAN, *
$4,181.20.                                      Cashier.

INDORSEMENT.

I, William Scott, direct the Masonic Bank to pay four thousand dollars of the principal within to Andrew Scott, my brother, for value received, the residue and interest to my own credit on the books of Bank.

Witness :                            WILLIAM SCOTT. [Seal.]
     THOS. M. MARSHALL.

Pittsburgh, October 2d 1880.

At the trial, before EWING, P. J., it appeared that the indorsement was written under the following circumstances :—
William Scott and Andrew Scott were brothers and had been engaged in business together. The former, during his last illness, sent for his counsel, Thomas M. Marshall, Esq., to draw

8 OUTERBRIDGE.—38

[*Scott v.* Lauman.]

his will.   Upon its execution, the said William Scott produced the certificate in question and after remarking that he had never had a settlement with his brother Andrew in their business relations, expressed a wish to assign $4,000 of this deposit to him.   He, therefore, requested Marshall to write the indorsement in question and when this was done, signed and handed it to Marshall with the remark that "he should take it with him and put it in his safe; that it was for Andrew Scott." Marshall took the certificate thus indorsed with him, retained it in his office until after the testator's death, which occurred several months later, and then handed it to Andrew Scott.

There was some evidence that William Scott, after the execution of this indorsement and before his death, instituted a search for said certificate and complained that it had been lost or stolen.   This was offered by the plaintiffs as tending to show that there was no delivery of the certificate made or contemplated to be made in the lifetime of William Scott.

The court instructed the jury that the evidence not only failed to show, but expressly negatived the theory, that any delivery was made during the lifetime of the donor; that as the indorsement was without consideration, it had no validity as a contract.   He, therefore, directed the jury to find a verdict for the plaintiff.

Verdict accordingly for the plaintiff, and judgment thereon. The defendant took this writ of error, assigning for error the said instruction of the court.

*A. M. Brown* and *John S. Ferguson*, for the plaintiff in error.—In furtherance of the donor's undoubted intention, the court should have sustained the assignment either as an executed gift or as a contract.   The donor delivered the certificate to Marshall, with the instruction to take it, that it was for the donee.   This was evidently an instruction to deliver it, the only delivery that the donor, a dying man, could possibly make.   To constitute a valid gift it need not be delivered to the donee by the donor, but as in this case, it may be given to some third person for the donee's use, and this will be a valid delivery: Allen *v.* Cowan, 28 Barb. 101; Pringle *v.* Pringle, 9 P. F. S. 281.   But the transaction was more than a gift.   It was an instrument executed under seal, having as its consideration the obligation of the donor to the donee for past services.   It was a solemn promise to pay $4,000 in settlement of a debt, and, as such, should have been sustained.

*J. M. Stoner*, for the defendant in error.—Whether or not William Scott intended to deliver the certificate or have it delivered, is immaterial.   Unless in point of fact it was so deliv-

ered during his lifetime, it is without validity: McCarven's Estate, 7 W. N. C. 261 ; Zimmerman *v.* Streeper, 25 P. F. S. 147 ; Trough's Estate, 25 P. F. S. 115 ; Linsenbigler *v.* Gourley, 6 P. F. S. 166 ; Whitehill *v.* Wilson, 3 P. & W. 405 ; Lyon *v.* Marclay, 1 W. 271 ; Kennedy *v.* Ware, 1 Barr 445 ; Campbell's Estate, 7 Barr 100 ; Kidder *v.* Kidder, 9 Casey 268.

The opinion of the court was filed January 7th 1884.

Per Curiam.—To constitute a valid gift, there must be a delivery of the property to the donee, or to some person for his use. A gift is a contract executed. The act of execution is the delivery of possession. Without delivery, it is only a contract to give, not binding for want of consideration: Campbell's Estate, 7 Barr 100 ; Withers *v.* Weaver, 10 Id. 391 ; Kidder *v.* Kidder, 9 Casey 268 ; Trough's Estate, 25 P. F. S. 115 ; Zimmerman *v.* Streeper, Id. 147.

In the present case there was no delivery to the donee, nor to any person for his use. The donee placed in the hands of his own attorney the certificate of deposit, and the order to pay a part of the sum therein specified to the donee. He did not instruct his attorney to deliver it to the donee. The latter had no knowledge of any act of the donor relating to the intended gift. Without delivery the whole evidence was insufficient to support the paper as an executed contract.

Judgment affirmed.