## Strock's Estate.

*Husband and wife—Loan—Gift—Evidence—Presumption—Auditor's findings of fact.*

1. A finding of fact by an auditor that a payment of money by a wife to her husband was a loan, and that the loan had not been repaid by the husband in his lifetime, will not be reversed if it is sustained by competent evidence, and there is no manifest error.

2. Money paid a wife by the executors of her father's estate and received by her husband will be presumed to be a loan from the wife to her husband.

3. Checks given by a husband indebted to his wife, payable to the wife, will not be presumed to have been given in payment of the debt. They will rather be presumed to have been gifts, or if the husband was away from home at the time, they were drawn, for necessary family expenses.

Argued Oct. 22, 1913. Appeal, No. 176, Oct. T., 1913, by Cyrus C. Gelwicks, from decree of O. C. Franklin Co., dismissing exceptions to auditor's report in Estate of Frederick G. Strock, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to report of T. Z. Minehart, Esq., auditor.

McCARROLL, P. J., filed the following opinion:

The first is as to the allowance of the claim of Annie B. Strock, widow of the decedent, as a creditor in the

amount of $832.50 and in not charging against the indebtedness the amount of certain checks given by him to her between November 30, 1910, and April 18, 1911, particularly two checks, one for $400 and one for $500. The learned auditor found from the testimony that the decedent received from his wife the amount which she received from the estate of her father several years prior to her husband's death, and that this created an indebtedness of the decedent to her at the time of his decease amounting to $832.50. It is conceded by the exceptants that the decedent received $367.50 of the amount received by Mrs. Strock from her father's estate, but we are satisfied that the learned auditor committed no mistake when he concluded that the whole amount of her share in her father's estate had been received by her husband. The exceptants contend that the checks given by the decedent to his wife between the dates above mentioned were presumably payments on account of the indebtedness of the decedent to his wife. If the parties had not been within any of the domestic relations the legal presumption would have been that the checks were given on account of an existing indebtedness, but here the parties were husband and wife and certain of the checks for smaller amounts were presumably given because of household and other expenses, in which both were interested, and which the husband naturally desired to pay. He was in failing health at the time and when he was at Mount Clements Sanitarium he sent his wife a check for $400, and when in the hospital at Baltimore shortly before his death he gave her a check for $500. The learned auditor considered the circumstances existing at the time these larger checks were given. The decedent had no creditors and his estate was entirely solvent. His wife stood in the closest relation to him, all his other kindred being only collateral. Under these circumstances it was not only proper but natural that he should make some provision for her comfort. The learned

34 STROCK'S ESTATE.

Opinion of Court below—Opinion of the Court. [56 Pa. Superior Ct.

auditor concluded that these larger checks were intended as a gift to Mrs. Strock, and in the light of all the circumstances we are not disposed to disturb the finding of the auditor. If intended as a gift, the making of the gift was fully consummated, for the cash was drawn upon the checks in the lifetime of the decedent and the canceled checks were returned to him before his death. We are therefore of opinion that the exceptions relating to the claim of Mrs. Strock should be overruled and dismissed.

*Error assigned* was in dismissing exceptions to auditor's report.

*W. O. Nicklas,* of *Ruthrauff & Nicklas,* for appellant, cited: Masser v. Bowen, 29 Pa. 128; Flemming v. McClain, 13 Pa. 177; Walsh's App., 122 Pa. 177.

*J. A. Strite,* for appellee, cited: Hamill's App., 88 Pa. 363; Hawley v. Griffith, 187 Pa. 306; Miller's Estate, 151 Pa. 525; Qualters's Est., 147 Pa. 124; Waslee v. Rossman, 231 Pa. 219; Wilson v. Silkman, 97 Pa. 509; Sparks v. Hurley, 208 Pa. 166; Klenke's Estate, 210 Pa. 572.

OPINION BY HENDERSON, J., February 20, 1914:

The only question presented on the appeal was that of the right of Annie B. Strock, widow of the decedent, to recover from the estate the sum of $832.50 which as claimed by her she loaned to her husband. The auditor found as a fact that the money was loaned as claimed and that it had not been repaid and this finding was approved by the orphans' court. Under a familiar rule the burden is on the appellant to show that there was such manifest error in this conclusion as requires a reversal of the decree. That the decree is supported by evidence cannot be successfully denied. It appears with reasonable certainty that Dr. Strock

received the sums paid his wife by the executors of her father's will. There being evidence of the receipt of the money by the husband the presumption is, in the absence of an agreement to the contrary, that he received it as a loan: Hauer's Est., 140 Pa. 420; Hawley v. Griffith, 187 Pa. 306. It is conceded by the appellant that the auditor was justified in finding that $367.50 of the amount claimed went into the hands of Dr. Strock and that the burden was on his estate to show payment. We cannot say that there was no evidence that the remainder of the fund passed into his hands. There was evidence which would justify the inference that he was receiving the payments made by the executors on account of his wife's interest in the estate. It is contended, however, that the evidence offered against the claim was sufficient to defeat it. This evidence was found in the fact that within five months preceding the death of Dr. Strock he gave four checks to his wife amounting in the aggregate to $1,100, of which $900 it is claimed went into the personal account of Mrs. Strock. Reliance is placed on the presumption that a check drawn by one person in favor of another and paid to the latter was received on account of a debt shown to have existed at the time and that the person alleging that it was not so received must offer proof to overcome the presumption: Masser v. Bowen, 29 Pa. 128; Flemming v. McClain, 13 Pa. 177. There would be force in this argument if the transaction under consideration had taken place between strangers, but a different rule applies where a husband and wife are the actors. In that case when a husband delivers property to his wife the presumption is that it is a gift from him to her. The intimate relationship of the parties and the generally recognized mode of dealing between husband and wife justifies the presumption that a delivery of property by the husband was intended as a gift rather than the payment of a debt: Wilson v. Silkman, 97 Pa. 509; Sparks v. Hurley, 208 Pa. 166. The presumption in the case under

consideration is strengthened by the circumstance that at the times the checks were given to his wife the husband was away from home for medical treatment and his wife was presumably taking care of the home and looking after their domestic interests which involved more or less expense, as did also her trips at different times to see him. It seems more probable that the money was intended to be used for current expenses or to meet some special account than to pay an indebtedness due the wife. The first two checks only amounted to $100 each, and it is not at all probable that a debtor in his last sickness with funds available to pay the whole claim would make payments on the debt in the manner contended for. We are not convinced that the orphans' court erred in the decree complained of.

The decree is affirmed.