# Shingle, Appellant, *v.* Smyth, Henry & Kirkbride.

*Equity—Discovery and accounting — Responsive answer — Affirmative relief for defendant.*

1. In a suit in equity for discovery, and for an accounting for stock pledged with defendants by plaintiff's testator and sold by defendants in alleged violation of the terms of the pledge, and for delivery to plaintiffs of certain other securities belonging to decedent's estate held by defendants, where it appeared that defendants had rendered decedent an account showing what disposition they had made of the pledged securities, the findings of an auditor, based upon an examination of defendants' books and papers that the account as rendered was correct and that there was no money owing to plaintiffs, will not be set aside, although based upon incompetent evidence, where there was no evidence to contradict the averments of the answer, which was responsive and set up a complete defense to the suit.

2. Where in such case the auditor found from the evidence that a certain sum was owing to defendants by the plaintiffs, the court did not err in decreeing that payment should be made before the surrender of the stock still held by defendants.   The

rule that affirmative relief will not be granted a defendant who does not file a cross-bill, does not apply in suits for an accounting, if it appear that there is nothing owing by defendant to the plaintiff, but on the contrary that the plaintiff is indebted to defendant.

Argued Jan. 4, 1915. Appeal, No. 107, Jan. T., 1914, by plaintiffs, from decree of C. P. No. 5, Philadelphia Co., March T., 1913, No. 5125, in equity, dismissing exceptions to report of auditor, in case of Samuel H. Shingle, Ernest L. Parker and Gilbert S. Parker, executors of the last will and testament of Edward W. Smith, deceased, v. Edward B. Smyth, Patrick Henry and Pennell C. Kirkbride, a copartnership in brokerage and doing business under the firm name and style of Smyth, Henry and Kirkbride. Before BROWN, C. J., POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity for discovery and for an accounting.

Exceptions to report of J. Frederick Hartmann, Esq., auditor. Before STAAKE, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Plaintiffs appealed.

*Error assigned* was in dismissing the exceptions.

*L. W. Baxter,* for appellants.—Defendants' books did not contain original entries and the auditor erred in admitting them in evidence and in considering them: Laird v. Campbell, 100 Pa. 159; Corr v. Sellers, 100 Pa. 169; Bockelcamp v. Lackawanna & Wyoming Valley R. R. Co., 232 Pa. 66; Williamsport v. Citizens' Water & Gas Co., 232 Pa. 232; Littieri v. Frega, 241 Pa. 21; Horner's Est., 10 Pa. D. R. 729; Lewis's Est., 50 Pa. Superior Ct. 417.; Hall & Co. v. Chambersburg Woolen Co., 187 Pa. 18; Fairchild v. Dennison, 4 Watts. 258; Hale's Execu-

tors v. Ard's Executors, 48 Pa. 22; Chaffee & Co. v. United States, 85 U. S. 516.

*C. M. Bowman,* for appellees.

OPINION BY MR. JUSTICE FRAZER, March 8, 1915:

This is a bill in equity brought by plaintiffs, as executors, against defendants, who are stock and bond brokers, for discovery and an accounting for the value of certain shares of stock bought by them for and on account of the deceased. Defendants had been employed regularly for some time prior to decedent's death, for the purpose of buying and selling for him various stocks, and the bill avers that the stocks, for which accounting is asked, had been pledged to defendants as collateral for any indebtedness of the deceased which might exist from time to time, and further that these stocks were subsequently sold by defendants at a loss, in violation of the terms of their pledge, and without proper authority from decedent on notice to him. The bill further asks that defendants be required to deliver to plaintiffs certain other securities belonging to decedent's estate and still held by defendants, less any sum which may have been due them from decedent at the time of his death, and that defendants be also required to produce all their books, papers, etc., and make full discovery of all transactions with decedent, and to account to plaintiffs for the stock alleged to have been sold without authority, at the highest market price which they reached at any time subsequent to such sales. The answer avers that the estate is indebted to defendants in a sum stated, and that a full and correct account of all transactions had been given plaintiffs, a copy of which was attached by plaintiffs to their bill. It is also averred in the answer that all sales of stock pledged with defendants as collateral were made pursuant to oral instructions from deceased, and approved by him, and that he received full

credit for the proceeds. The answer also denies any violation of the terms of the pledge.

At the trial defendants offered their books for examination and the court subsequently appointed an auditor to go over them, who, after an examination of all books, papers and letters relating to the transaction, reported that he found the account correct and that there was no evidence of violation of the terms of the pledge by the defendants. The court entered a decree directing defendants to deliver to plaintiffs the stocks and bonds remaining in their hands, upon payment by plaintiffs of the amount found due defendants from the estate, and, on failure of plaintiffs to do so, within a certain time, that defendants might sell the securities and account to plaintiffs for any surplus. From the decree thus entered this appeal has been taken; the principal complaint of appellants being to the admission of defendants' books to prove the correctness of the account, and the admission of proof of custom of stock brokers in making settlements for purchases made on the stock exchange.

The only evidence produced by plaintiffs at the trial was testimony as to conversations with defendants relating to the account and correspondence which passed between the parties. From this it appears that defendants gave plaintiffs the account set out in the bill, which the auditor subsequently found was correct. Plaintiffs offered no evidence before the auditor, but satisfied themselves with objecting to the competency of the books and papers produced by defendants.

There is apparent inconsistency in the attitude of plaintiffs in calling upon their opponent to make full discovery of all books and papers, containing information relating to a transaction, and then raising objection that such books and papers when produced, in compliance with such demand, are not competent evidence. However, granting that plaintiffs, if they found the books, when produced, contained matters which they had no reason to expect, were not bound to offer

them in evidence, and that defendants could then make only such use of them as they would have made if not called upon to produce them—Withers v. Gillespy, 7 S. & R. 10; Summers v. McKim, 12 S. & R. 404—and assuming that some or all of the books offered were not books of original entries in the strict sense of the word, plaintiffs have failed to prove their case. The answer filed by defendants is responsive to the bill, and, if true, contains a complete defense to the action. The replication put in issue the facts so set forth, but did not relieve plaintiffs from the ordinary burden cast upon them to make out their case by competent proof. "Except as to the effect of a responsive answer in equity, the burden of proof and the rules of evidence are the same at law and in equity," Bussier v. Weekey, 11 Pa. Super. Ct. 463, 478. The meager evidence offered by plaintiffs did not contradict the averments in the answer. On the contrary it rather tended to confirm them, and when plaintiffs closed it would have been proper for the court to have dismissed the bill under the familiar rule that a responsive answer must be overcome by the testimony of two witnesses or one witness and corroborating circumstances equivalent to another witness. As said by Judge Smith in Bussier v. Weekey, supra, page 474: "By requiring him to answer, the plaintiff makes him a witness and his answer becomes evidence in the cause. If unfavorable to the plaintiff it must nevertheless stand as conclusive unless overcome by a preponderance of testimony. This preponderance is to be found in the testimony of two witnesses on the part of the plaintiff, or of one witness with corroborating circumstances equivalent, in probative effect, to the testimony of another witness. The reports abound in illustrative cases." In Riegel v. American Life Ins. Co., 153 Pa. 134, page 143, this court said: "The special evidential efficacy of a responsive answer in equity is due to the fact that the plaintiff, by calling on the defendant to answer the allegations of the bill, appeals to his con-

science, accredits him, and, pro hac, makes him his own witness."

A case in point is Burke's App., 99 Pa. 350, where plaintiff asked for an accounting of securities held as collateral for a note, and the answer alleged that they were also held as collateral for part of their purchase price which defendant advanced. Complainant alone testified on his behalf, and contradicted the answer, and the bill was dismissed on the ground that this was insufficient to overcome the averments of the answer. Since the plaintiff in this case gave no evidence to disprove the averments of defendants' answer such averments are conclusive. This makes it unnecessary to discuss the questions of evidence raised by the assignments of error. The above rule as to the evidence necessary to overcome a responsive answer has been abolished by Act of May 28, 1913, P. L. 358, as to actions begun after the passage of the act. As the bill in this case was filed prior to that act, it has no application. But even if it applies, we think plaintiffs' evidence insufficient to meet the ordinary burden cast on them of making out their case by a preponderance of evidence.

As to the question of the right to enter judgment for the defendants for the amount found due them, such right has frequently been held to include proceedings in equity for account on the theory that when the plaintiff asks for a discovery and an accounting, he should be ready and willing to do full justice by paying to the defendant any sum which the evidence in the case might show is due him.

Another case in point is Kelley v. Shay, 206 Pa. 208, where the plaintiff brought a bill for a partnership accounting. It was admitted by the plaintiff that there was a certain amount due by the partnership to a third person, but this was denied by defendant and the creditor was then made a party defendant to the bill and an examiner appointed, and it was found that certain securities were the property of the intervening creditor

and a decree was entered, directing that they be transferred to him, upon payment of certain balances remaining due from him. It was contended that such affirmative relief was not proper, unless a cross-bill had been filed. The court recognized the general exception to the rule requiring cross-bills if an action is brought for account and a balance found due the defendant. Under the above cases the decree entered in the present case was proper. The question of costs was within the sound discretion of the lower court, and there is no evidence that the discretion was abused.

This disposition of the case renders it unnecessary to discuss the other questions raised in the case.

Judgment affirmed.