## Goldberg, Executor, Appellant, *v.* Wine.

336

Argued March 29, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Nathan Routman*, with him *John P. Lockhart*, for appellant.

*Marshall G. Matheny*, with him *Norman A. Martin* and *J. Norman Martin*, of *Martin & Martin*, for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 17, 1937:

Appellant sued to recover a sum of money for the estate of his decedent which he, as executor, had paid to appellee out of the estate. He offered in evidence four cancelled checks drawn to appellee's order upon the account of the estate and testified the money was loaned to appellee upon an oral contract to repay. Appellee pleaded that the checks were given in fulfillment of an unexecuted gift promised by the decedent, or as the consideration of a contract between decedent, himself and his wife. He testified his wife sent him to appellant for this money, and that no promise to repay it was ever exacted or made. He offered to prove that decedent had promised to defray the costs of furnishing a home if he and decedent's daughter should marry, and that he had incurred obligations in reliance thereon. The trial judge refused to permit appellee to testify to any transaction occurring prior to the death of the decedent. Judgment for appellee was entered upon the jury's verdict, and this appeal followed.

In support of his contention that the burden of proof was on appellee, appellant cites cases holding that one in possession of property as an alleged gift from a decedent has the burden of proving the gift affirmatively. See *Henes v. McGovern*, 317 Pa. 302; *Yeager's Estate*, 273 Pa. 359. These cases are not in point. They do not apply to dispositions of the property of an estate by an executor, transactions inter vivos, to which all parties involved are available to testify. Appellant sued to recover this money as an unrepaid loan, and of course the ordinary burden of proof was upon him as plaintiff in assumpsit. The fact that he sued as executor of a decedent's estate does not relieve him of this burden. See *Weaver, Executor, v. Welsh*, 325 Pa. 571; *Shingle v. Smyth, Henry & Kirkbride*, 248 Pa. 359.

The cancelled checks offered in evidence did not raise any presumption of a loan, nor shift to appellee the bur-

den of explaining the transaction in which they were given. The presumption which would arise from the checks, in the absence of evidence to the contrary, would be that they were given in payment of an antecedent obligation, or for cash. In *Flemming's Executors v. McClain,* 13 Pa. 177, at 178, it was said: "That a check, of itself, is not evidence of a debt or loan of money, is well established by authority; the presumption is, it is given either in payment of a debt, or that cash was given for it at the time." See also, *Lancaster Bank v. Woodward,* 18 Pa. 357, 361; *Huntzinger v. Jones,* 60 Pa. 170, 172; *Gettysburg Natl. Bank v. Kuhns,* 62 Pa. 88, 91; *Ahl's Appeal,* 129 Pa. 26, 35; *Burke's Estate,* 291 Pa. 223, 228; 5 Wigmore on Evidence, (2d ed., 1923), Section 2518(a); 2 Greenleaf on Evidence, (16th ed., 1899), Section 112. Under certain circumstances, a presumption of gift may arise from such evidence: see *Goslin v. Edmunds,* 325 Pa. 154, 161; *Campbell's Estate,* 274 Pa. 546, 552; *Petty's Estate (No. 2),* 311 Pa. 372, 373.

The court below stated this rule of law correctly, but appellant objects that no such presumption could arise in the present case because the defense pleaded by appellee was inconsistent with either presumed conclusion. Although not clearly phrased, the affidavit of defense may be construed to set up both a promise of gift by the decedent, and a contract to supply house furnishings supported by consideration. The latter defense is consistent with the presumption. But even if the affidavit be not so understood, any harm that may have been threatened by the court's reference to the presumption was overcome by the further instruction that its force was lost by the introduction of direct testimony of the transaction.

The case was properly submitted to the jury by the court below. There was an issue of fact upon the question of whether or not appellant loaned this money to appellee, and there was sufficient evidence to support the

jury's verdict. Appellant's case consisted of the production of the checks, the testimony of himself and his brother as to the issuance of the checks and demands for repayment. Appellee's offer to prove the transaction between decedent, appellee's wife and himself was properly refused. The Act of May 23, 1887, P. L. 158, Section 5(e), renders the surviving party to a transaction with a decedent, whose interest is adverse to the decedent or his estate, incompetent to testify to the transaction. See *Weaver, Executor, v. Welsh,* supra.

The alleged promise being to appellee's wife, both she and appellee are incompetent witnesses as to it. See *Weaver, Executor, v. Welsh,* supra. But it should be noted that even if this had been proved, unless based on a consideration, it imposed no obligation upon the executor to pay the money, nor did his action in so doing consummate the decedent's asserted intention. In *Allshouse's Estate,* 304 Pa. 481, at 488, it was said: "The consequence is that no matter how often or how emphatically the desire or intention of the donor to make the gift has been expressed, upon his death before delivery has been completed, the promise or purpose to give is revoked." And, in *Walsh's Appeal,* 122 Pa. 177, it was said at page 190: ". . . it is not possible that a chancellor would compel an executor or an administrator to complete a gift by the doing of any act which the alleged donor if living might have refused to do, and thereby revoked his purpose to give." See also *Clapper v. Frederick,* 199 Pa. 609; *Scott v. Lauman,* 104 Pa. 593.

Appellee was entirely competent, however, to testify to the acts and statements of appellant and himself when the checks were delivered, and this testimony was sufficient to raise an issue for the jury because it contradicted appellant's claim of a loan. The burden was not upon appellee to show the exact nature of the transaction, but rather upon appellant to make out his case as pleaded. The character of proof of the loan, the uncer-

tain and controverted testimony as to the demands, and the failure of appellant to bring the action until appellee divorced appellant's sister five years after the checks were given, together with appellee's flat denial that a loan was intended, form an ample basis for the verdict of the jury.

Appellant urges, however, that even if no loan was made out, appellee's own testimony showed clearly an improper payment of funds belonging to the estate, which he is entitled to recover as executor. It is true that an executor may recover, in appropriate action, trust funds improperly paid by him to one with knowledge of the circumstances. See *Abbott's Executor v. Reeves*, 49 Pa. 494, in which an executor was permitted to recover in equity money unlawfully lent by him upon a written agreement. But, in this case, appellant chose to assert and rely upon an express contract of loan, which he has failed to establish. Regardless of whether appellee's testimony was susceptible of an interpretation tending to show appellant paid the money in fulfillment of an obligation of the decedent, appellant must recover on the strength of his evidence as pleaded and as it impressed the jury; not on any supposed weakness in his adversary's case. The statute of limitations has run since the filing of his suit and to permit him to recover upon a new and distinct cause of action, or to order an amendment of the pleadings and a new trial, would unfairly prejudice appellee's rights. See *Mumma v. Mumma*, 246 Pa. 407; *City Iron Works v. Barber*, 102 Pa. 156. Appellant's long delay shows no right, equitable or legal, to be relieved from the effect of the statute.

Judgment affirmed.