## Richardson *v.* Moyer, Appellant.

*Contract—Suretyship—Consideration—Abandonment—Evidence.*

Defendant agreed in writing, not under seal, to pay to plaintiff five dollars per month for five years if plaintiff's son failed to make such payment. Plaintiff testified that the consideration of the contract was the settlement of a business transaction. On the same day plaintiff agreed in writing, in consideration of her son promising to pay defendant a balance of liquor bill, owing by plaintiff, to relinquish all claims which she had against defendant. The first contract remained in plaintiff's possession and there was evidence that payments were made upon it. *Held,* that it was proper to leave it to the jury to determine whether it was the intention of the parties to abandon the first agreement.

Argued Feb. 20, 1893. Appeal, No. 98, July T., 1892, by defendant, Lazarus Moyer, from judgment of C. P. Lackawanna Co., Oct. T., 1889, No. 1356, on verdict for plaintiff, Sarah Richardson now Mary Jones. Before GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit on contract in writing not under seal.

At the trial, before GUNSTER, J., plaintiff offered in evidence the following agreement, signed by defendant Feb. 11, 1885, but not sealed: "I hereby promise to pay Mrs. Sarah Richardson five dollars per month, commencing March 1st, 1885, for five years, if she lives that long, if her son, Harry Richardson, fails to do so."

`Plaintiff offered testimony which tended to show that she had a valid claim against her son Harry Richardson, and that this claim was the consideration of the written agreement.

Plaintiff also offered in evidence the following agreement, signed by her Feb. 11, 1885: "In consideration that my son, Harry Richardson, promises to pay Lazarus Moyer, of Philadelphia, for the balance of liquor bill that I am indebted to him, amounting to $468, I hereby relinquish all my claim or

claims I may have against him, or his personal property, or his real estate, and declare that I have no claim against my son Harry in no shape or form."

The court charged in part as follows :

[" You will observe, gentlemen of the jury, that the paper itself does not recite any consideration ; there is no consideration mentioned in this promise, and if the paper stood simply upon its face, without any other evidence, the contract would be void for want of consideration. But the plaintiff has introduced evidence to show what the consideration was. She claims that she had a claim against her son, Harry Richardson ; that she had a hotel property, and that in settling up their matters, in turning over the business to him, and in adjusting the claim which she had against Harry, as part of that transaction, Harry promised to pay her five dollars a month, for five years if she lived that long. Now, if that was the consideration, that would be a good and valuable consideration ; and there does not seem to be much dispute between the parties as to the fact that she did have a claim against her son, Harry. You will remember that the defendant, Mr. Moyer, himself, testified that she had a claim against Harry, and that Harry promised to pay his mother this five dollars a month during this time,] [7] and that he said he would go bail for Harry, himself, and that, in pursuance of that arrangement, he signed this paper. But you will observe, gentlemen of the jury, that the defendant does not admit that all the matters between the parties were adjusted that way. He says that simply her claim was settled in that way, and the defendant claims that this contract, this arrangement between Mrs. Richardson and her son, Harry, was abandoned later in the day and a new arrangement entered into between them, and that that arrangement is embodied in this other instrument which has been offered in evidence.

" Now, if this first contract, if this first arrangement was abandoned, and they substituted this new arrangement, why, then the plaintiff could not recover on this contract, because there was an entirely different consideration specified, according to the defendant's testimony, in this new arrangement. [Now, as a general rule, whenever papers bear date of the same day,—as a general rule,—the papers must be taken together ; they must be construed together.] [8]  The defendant

admits that he signed this promise to pay the five dollars a month. If he claims that the contract was abandoned, the burden of showing that is upon him; he must show it by the fair weight of the evidence, just as much as the showing what the consideration of this contract was, was upon the plaintiff. Mrs. Richardson was bound, in the first instance, to show what the consideration was, and to show that it was a good and valid consideration, and she must maintain that by the weight of the evidence."

Defendant's points were among others as follows:

" 1. That if the jury believed the only consideration for the first paper in evidence was a precedent debt due and owing to the plaintiff by Harry Richardson, at the time of the execution of this paper, or a debt which had arisen from some previous transaction between the plaintiff and Harry Richardson, which had been completed before the execution and delivery of this first paper, then the verdict must be for the defendant. *Answer:* I affirm that, as a general proposition of law. You see, the indebtedness was not originally the defendant's debt, but he signed this merely, as he says, as bail for Harry, that is, as security for Harry, so that if this was merely an antecedent debt which it was intended to secure, there would be no valid consideration for it. But I call your attention to the fact, that there is no evidence of any antecedent obligation to pay five dollars a month for five years. The evidence is that Mrs. Richardson had a claim against her son, and that she settled the claim by agreeing to take five dollars a month for five years. There is no evidence at all that there was any such obligation as that before the 11th of February, so that, while I affirm this proposition as a general proposition of law, I call your attention to the fact that it is not applicable to the evidence." [9]

" 2. That unless the jury believe that some valuable consideration moved from the plaintiff, or some detriment was suffered by the plaintiff, at the time of the execution and delivery of the first paper in evidence, the verdict must be for the defendant. *Answer:* This proposition I also affirm as a general proposition, but I say to you, that the release of her claim against her son Harry, or leaving the business which she had on hand with her son Harry, would be a sufficient consideration, or the settlement of a disputed claim with him. If she had the claim against her

son, or had the business, and in adjusting those matters between them, they arrived at the settlement that Harry was to pay the five dollars a month, and Moyer signed this paper as security for it, why, that would be a sufficient consideration." [10]

" 6. That the second paper in evidence, called the release, is a complete contract, speaking for itself, which shows its own consideration, and no oral evidence can be permitted to contradict its terms. *Answer :* I affirm that proposition, with this qualification : I do not understand that the consideration in a paper of this kind is known as a part of the promise within the rule of law, which is contained in this proposition. In Pennsylvania it is always competent to show what the consideration of an instrument was, or a deed, or a note, or anything else. No matter what the paper itself may show was the consideration, in Pennsylvania it is always competent to show what the consideration really was, and it is also competent to show that there was an additional consideration, and that may be shown by parol testimony; it is not necessary that that should be in writing. So that the evidence that this was only a part of the consideration, although it is not in writing, is competent, and you are bound to consider it; whether you believe it or not, is for you to say." [11]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) admission in evidence of the two written agreements; and (7–11) instructions; quoting instructions, bills of exceptions and evidence.

*Charles D. Taylor*, for appellant, cited : Hare on Contracts, 204; Hamaker v. Eberly, 2 Bin. 508; Kennedy v. Plank Road Co., 25 Pa. 224; Smith on Contracts, 43; Snyder v. Leibengood, 4 Pa. 305; Bieber v. Beck, 6 Pa. 198; Shupe v. Galbraith, 32 Pa. 10.

No argument offered contra.

PER CURIAM, March 6, 1893:

The question whether it was the intention of the parties to abandon or surrender the paper signed by the defendant, when the paper signed by the plaintiff was executed and delivered, was necessarily a question of fact and had to be submitted to

the jury for their action.   The learned court below very care-
fully and correctly instructed the jury that, if the first contract
was abandoned when the second one was made, the plaintiff
could not recover.   The credibility of the witnesses was for
the jury, and it was for them to determine how the disputed
fact was, upon all the testimony on both sides, and the jury
was properly charged upon this subject.   In addition to the
conflicting testimony of the parties upon the main contention,
there was the undisputed fact that the first contract remained
in the possession of the plaintiff, and was produced and given
in evidence by her on the trial, and there was the further fact
that several payments were made on it, one of which, it was
testified, was made by the defendant on the day the papers
were given.   We do not see how this chief contention in the
cause could have been taken from the jury, and they having
found for the plaintiff, we must assume that the parties in-
tended to, and did, in fact, keep alive and maintain both con-
tracts as parts of the same transaction.   This state of the
facts disposes of all the questions raised by the several assign-
ments of error.

Judgment affirmed.