## Flegal v. Hoover et al., Appellants.

*Contract—Accord and satisfaction—Compromise—Parties.*

Defendants, who were owners of timber lands, made a contract with certain persons for cutting the timber. The contractors subsequently assigned their interests in the contract to plaintiff, who proceeded with the work. After he had been at work for some time, defendants claimed that he was violating the contract in such manner as to entitle them to rescind, and they took possession of the land by force. Plaintiff on the other hand claimed that he was pursuing his contract rights, and he in turn ousted defendants by force from the land. The parties then came together, agreed upon a settlement, put its terms in writing, which was signed by both, and partly carried out. *Held*, that such an agreement was not an accord, but a compromise, and was a binding contract.

In the above case, by the compromise agreement between plaintiff and defendant, plaintiff was to be paid for all timber delivered by him under the terms of agreement with the original contractors. *Held* that an action for the price of such timber could be brought in plaintiff's own name.

*Contract—Rescission by mutual consent—Consideration.*

The parties to a contract may at any time rescind it, either in whole or in part, by mutual consent, and the surrender of their mutual rights is sufficient consideration.

*Practice, C. P.—Affidavit of defence—Amendment.*

After a case has been put at issue the refusal of leave to file an amended affidavit of defence is not the subject of exception. In the absence of a rule of court the affidavit of defence has no bearing on the issue, or the evidence at the trial. The Procedure Act of 1887 has made no change in the law in this respect.

Argued April 21, 1893.   Appeal, No. 299, Jan. T., 1893, by defendants, Hoover, Hughes & Co., from judgment of C. P. Clearfield Co., Sept. T., 1892, No. 341, on verdict for plaintiff, Jacob Scott Flegal.   Before STERRETT, C. J., GREEN, MITCH-ELL, DEAN and THOMPSON, JJ.

Assumpsit for price of logs and bark.

At the trial, before KREBS, P. J., it appeared that, on May 8, 1891, George Arick, P. W. and A. M. Draucker and John Hays, of the one part, entered into a contract in writing with Hoover, Hughes & Co., for cutting, peeling and stocking all the timber on certain lands owned by the latter.   The contractors went into possession of the land, and operated under the contract. Subsequently they assigned all their interest in the contract to plaintiff, who proceeded with the work.   Defendants claimed that plaintiff did not comply with the conditions of the con-tract.   They claimed therefore to rescind it and took posses-sion of the land by force.   Plaintiff on the other hand claimed that he was properly carying out the contract, and in turn oust-ed defendants by force from the land.   The parties then came together and entered into the following contract in writing :

" Now, May 5, 1892, it is agreed by and between J. S. Flegal, and Hoover, Hughes & Co., that the contract dated 8th May, 1891, between George Arick, P. W. Draucker, A. M. Drauck-er and John Hayes, of the first part, and Hoover, Hughes & Co., of the second part, shall be and is hereby delivered up and canceled.

" The bond held by Hoover, Hughes & Co., signed by J. S. Flegal, F. M. Cardon, and Robert Flegal in the sum of $5,000 shall be delivered up to said J. S. Flegal.

" Hoover, Hughes & Co. shall pay to said Flegal the sum of three hundred and fifty dollars ($350) in full consideration of, and for all improvements made by him under said contract when possession is delivered on May 16, 1892, and also pay said Flegal for all logs which have been delivered at the date of this agreement and bark delivered and to be delivered by him, which is now peeled and on the Penfield road, according to the terms of said contract on a settlement, said contract dated 8th May, 1891.

" Said Flegal shall have the right to remove all personal prop-erty such as tools, horses, camp fixtures and blacksmith tools

from said premises within ten days, and deliver possession of the camp and buildings on May 16, 1892.

" Up until May 16, 1892, said Flegal shall board all of Hoover, Hughes, & Co.'s men at the rate of (17c) seventeen cents per meal, unless possession of said camp is sooner delivered by said Flegal."

Defendants' points were, among others, as follows:

"1. That under the pleadings and evidence in this case there can be no recovery, and the verdict must be for the defendant. *Answer:* In other words we are to take the case absolutely away from you, and determine it ourselves as a matter of law that the plaintiff is not entitled to recover. We decline so to do." [1]

"2. By the written agreement dated May 5, 1892, the contract dated May 8, 1891, was surrendered up and canceled, and therefore there can be no recovery in damages for breach of it in this suit. *Answer:* We decline so to instruct you. That depends upon the question that we have submitted to you as to Mr. Flegal's acceptance of the terms contained in that contract as satisfaction of his claim under the previous arrangement, and looking to the terms alone and not to a promise. If it rested only and alone upon the terms in that contract, and it was not performed, then the contract dated May 8, 1891, and made June 20, 1891, would not be set aside, and he would have a right to recover under the original contract." [2]

"3. The agreement dated May 5, 1892, was and is a valid, binding agreement between the parties, J. S. Flegal, of the one part, and Hoover, Hughes & Co., of the other part, and, as by its terms all improvements under the original contract were transferred to the defendant, there can be no recovery in this suit for the value of said improvements. *Answer:* That contract is some evidence as to the value placed upon these improvements. If you believe the testimony of the defendants that it covered everything they agreed upon at that time, it is some evidence to be considered as bearing upon the value of the improvements, but, under our previous instructions and in answer to the previous point in that case, we cannot say to you as a matter of law that there can be no recovery for improvements in this action." [3]

During the trial of the cause the defendants asked leave to file a supplemental affidavit of defence. Refused, and exception. [11]

Verdict and judgment for plaintiff for $1,160.12.   Defendants appealed.

*Errors assigned* were, among others, (1–3) instructions, quoting them; (11) refusal of leave to file supplemental affidavit of defence.

*A. L. Cole*, for appellants, cited: Cumber v. Wane, 1 Sm. L. Cas., 8th ed. 651; Stockton v. Frey, 45 Am. Dec. 144; Alvord v. Marsh, 12 Allen, 606; Simmons v. Almy, 103 Mass. 36; Naylor v. Winch, 1 S. & St. 565; Leach v. Fobes, 11 Gray, 506; Converse v. Blumrich, 14 Mich. 109; Rose v. R. R., 12 Atl. R. 78; s. c., 11 Cent. R. 151; Pearsoll v. Chapin, 44 Pa. 9; Beetem's Admr. v. Burkholder, 69 Pa. 249; Morrow v. Rees, 69 Pa. 368; Irvin v. Irvin, 142 Pa. 271; Yost v. Eby, 23 Pa. 327; Welsh v. London Assurance Corp., 151 Pa. 607; Currier v. Bilger, 1 Adv. R. 664 [149 Pa. 109]; Baird's Ex'rs v. U. S., 6 Otto, 430; Hoge v. Hoge, 1 Watts, 216; Hennessy v. Bacon, 137 U. S. 78; Cleaveland v. Smith, 132 U. S. 318; Logan v. Caffrey, 30 Pa. 196; Carvill v. Garrigues, 5 Pa. 152; Simes v. Zane, 24 Pa. 243; Buck v. Wilson, 113 Pa. 423; Perkins v. Gray, 3 S. & R. 327; Hager v. Thomson, 66 U. S. 80.

*S. V. Wilson, A. H. Woodward* with him, for appellee, cited: Barr v. McGary, 131 Pa. 406; Heller v. Ins. Co., 151 Pa. 105; Milligan v. Browarsky, 147 Pa. 155; Terry v. Wenderoth, 1 Adv. R. 387 [147 Pa. 519]; Stockton v. Frey, 45 Am. Dec. 144; Alvord v. Marsh, 12 Allen, 606; Simons v. Almy, 103 Mass. 36; Clifton v. Litchfield, 106 Mass. 34; Blake v. Blake, 110 Mass. 202; Hosler v. Hursh, 151 Pa. 415; Kidder v. Kidder, 33 Pa. 268; Whitehill v. Wilson, 3 P. & W. 405; Kennedy v. Ware, 1 Pa. 445; Hearn v. Kiehl, 38 Pa. 147; 2 Whart. Cont., ed. 1882, § 840; Cromelien v. Mauger, 17 Pa. 169; De Barry v. Withers, 44 Pa. 356; DeBernales v. Fuller, 14 East, 590; Warren v. Wheeler, 21 Me. 484; Mowry v. Todd, 12 Mass. 281; Story on Contracts, § 47; Doty v. Wilson, 14 Johnson, 378; Porter v. Bullard, 26 Me. 448; Dennis v. Twitchell, 10 Metc. 180.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

This case was unfortunately tried on a wrong basis through-

out. It was assumed that the agreement of May, 1892, was an accord, and as its terms had not been fully carried out, that there had been no satisfaction, that the agreement was therefore inoperative, and the parties were remitted to their rights and liabilities under the original contract. This was a radical error. The agreement of May, 1892, was a compromise of disputed rights. The defendants claimed that the plaintiff was violating the contract in such manner as to entitle them to rescind, and they had in fact taken possession of the land a short time before by force. The plaintiff on the other hand claimed that he was pursuing his contract rights, and he had in turn ousted the defendants by force from the land. The parties then came together, agreed upon a settlement, put its terms in writing which was signed by both, and partly carried out. Such an agreement is not an accord, but a compromise, and is as binding as any other contract.

But it was not necessary to the validity of the agreement of May, 1892, that there should have been even a compromise of disputed rights. The parties to a contract may at any time rescind it, either in whole or in part, by mutual consent, and the surrender of their mutual rights is sufficient consideration.

That is what the parties did in the present case, and their rights must be determined exclusively by the agreement of May, 1892. All questions of defendants' previously asserted right to rescind the first contract and the reasons for it, and of the value of improvements, are irrelevant. The parties have made a final adjustment of all these matters, and the original contract of 1891 is of no further efficacy except as a guide in determining how much was due under it for the logs and bark mentioned in the agreement of 1892.

The suit was properly brought by Flegal in his own name, as the agreement of 1892 was made with him, and he is entitled to recover under it whatever is due for logs and bark delivered, for the board of defendants' men at the agreed rate, if any board was furnished, and possibly for the failure to deliver up his bond, if any special damages can be proved. That is all there is left in the case. The statement includes all these items, and as it was not demurred to, the other matters in it may be treated as surplusage.

The view we have taken of the case renders many of the as·

signments of error immaterial, and it is not necessary to refer to them. As a matter of practice however it is proper to say that the refusal of leave to file an amended affidavit of defence was not the subject of exception. The case had passed the stage when the affidavit of defence was of any importance. The relevancy of evidence is determined by its bearing on the issue, and the issue is made up by the statement and the pleas. In the absence of a rule of court, the affidavit of defence has nothing to do with it. When it has prevented a summary judgment, it has performed its whole office, and is not before the court on the trial unless it is put in evidence, as an admission, against the party making it. It does not in any way limit the defence to be made at the trial. The cases cited by appellee on this point arose on questions of summary judgment, and had no reference to trial. The procedure act of 1887 has made no change in this respect.

Judgment reversed and venire de novo awarded.