## Louis Miller & Company v. Brody Brothers

*R. J. Hogan,* for plaintiff.
*Ernest Stewart,* for defendant.

LANGHAM, P. J., May 13, 1935.—This case came on to be heard by argument of counsel on a case stated which is as follows:

"The respective parties to this case stated agree to the following facts:

"First. On June 22, 1933, the defendant . . . Brody Brothers, ordered 58 dozen shirts from the plaintiff at $4.75 per dozen to be delivered on June 27, 1933.

"Second. On or about July 5, 1933, 28 dozen shirts (colored) were delivered to the defendants by the plaintiff.

"Third. On August 11, 1933, before sending the balance of the order, or 30 dozen of white shirts, plaintiff sent the following letter to defendants:

" 'LOUIS MILLER AND COMPANY
1133 Broadway
New York

" 'BRODY BROS.                           August 11, 1933.
Indiana,
Pa.

" 'Gentlemen:

" 'Due to labor increases as effected by code established under the "National Recovery Act" we are compelled to add surcharge of $1.50 per dozen on existing shirt orders now in the process of manufacture amongst which yours is also included.

" 'We trust that you will realize the justice of the position which we are forced to take and can assure you that in a number of incidents the surcharge noted fails to cover the actual added cost which the "National Recovery Act" has created.

" 'The President has requested that everyone approach this situation from a patriotic angle and he is very desirous that both the manufacturer and distributor and retailer accept the situation which is an emergency measure and should be treated as such.

" 'With the above facts in your possession, we ask your permission to add the surcharge as listed above to existing orders, and will await billing any additional merchandise for your account until we receive your permission to do so.

" 'If you are unwilling to pay this additional charge

which is right and proper from every angle, we will be willing to accept cancellation on that portion of your order to which the surcharge will be applied.

" 'But in view of replacement cost which is much higher than price placed with us plus surcharges, we would strongly advise that you accept the merchandise under these conditions.

" 'The surcharges do not include the processing tax which became effective August 1, 1933, amounting to about 30c. per dozen shirts.

" 'If you wish prompt shipment of your order, please wire or write your acknowledgment accepting these charges at once, and oblige.

" 'Yours very truly,
BENJAMIN CAPLIN,
" 'BK:AC               Louis Miller and Company.'

"Fourth. On August 14, 1933, the defendants, Brody Brothers, sent the following letter to the plaintiff:

" 'In answer to your letter of August 11th, we ask that you please rush the shirts on back order, and add the $1.50 surcharge.'

"Fifth. The contract involved is oral and the defendants purchased the said shirts through their resident buyers, Weill & Hartman of New York City.

"Sixth. The amount sought to be recovered by the plaintiff from the defendants is $45 or the $1.50 surcharge on the 30 dozen of shirts shipped to the defendants by the plaintiff on August 18, 1933.

"If the court is of the opinion that the mutual unexecuted undertakings of an existing contract are a sufficient consideration for the cancellation of such a contract and the substitution of a new one with different terms, then the court is respectfully requested to enter judgment in favor of the plaintiff in the sum of $45, with interest from September 10, 1933.

"If the court, however, should be of the opinion that there is no consideration to support the second contract

entered into between the plaintiff and the defendants, the court is respectfully requested to enter judgment in favor of the defendants.

"ERNEST STEWART,
Attorney for Defendant.
R. J. HOGAN,
Attorney for Plaintiff."

It will be observed from the case stated that plaintiff on August 11, 1933, asked of defendant permission to add the surcharge and deliver the goods, and if not willing that that be done that plaintiff will be willing to accept "cancellation on that portion of your order to which the surcharge will be applied", and on August 14, 1933, the defendant wrote the following letter to plaintiff: "In answer to your letter of August 11th, we ask that you please rush the shirts on back order, and add the $1.50 surcharge." This in our judgment constitutes a new contract with mutual consent and understanding, upon which the defendant elected to pay. The language "please rush the shirts on back order, and add the $1.50 surcharge" certainly means consent to pay on the part of defendant, and the delivery of the goods on that instruction was consent on the part of the plaintiff. Mutual consent therefore existed which is a sufficient consideration to sustain the new contract. See McNish v. Reynolds, Lamberton & Co., 95 Pa. 483.

We think we are further supported in our opinion in the case of Flegal v. Hoover et al., 156 Pa. 276, 280, wherein Justice Mitchell states, inter alia: "The parties to a contract may at any time rescind it, either in whole or in part, by mutual consent, and the surrender of their mutual rights is sufficient consideration."

A more recent case in point, as we view it, is Dreifus, Block & Co. v. Salvage Co., 194 Pa. 475, wherein it was held:

"The mutual unexecuted undertakings of an existing contract are a sufficient consideration for the cancellation of such a contract and the substitution of a new

one with different terms; and it is immaterial if, for a moment during the interval, there is technically a breach of the old agreement, since by the new agreement both parties treat the old one as an existing contract, and mutually agree to a recission of it.

"Where one of two parties to a written contract fails in his obligation to deliver merchandise as provided by the contract, and the other party, desiring the merchandise, and not desiring a suit for damages, agrees to accept a fixed quantity and quality of merchandise, at fixed times and prices, different from those of the original contract, the old contract will be deemed to have been cancelled by the parties, and the new contract will be held to be based upon sufficient consideration."

The sole contention on the part of the defendant is that the agreement by said defendant to pay the additional $1.50 per dozen was without consideration and therefore unenforcible.

An examination of the authorities cited by counsel for the defendant is not convincing to this court that the law laid down in the foregoing cases is applicable to the facts in the case at bar. Counsel for defendant in his oral argument and brief particularly stressed the principle of law as stated in 1 Restatement of the Law of Contracts, 83, illustration 8, on page 86 as being "exactly the present case".

We cannot agree that illustration eight sustains defendant's contention for the reason that the last sentence in said illustration reads: "If unforeseen difficulties justifying A in rescinding the contract exist, there is sufficient consideration for a promise of additional payment." Such difficulties are set out in plaintiff's letter of August 11, 1933, contained in paragraph fourth of the case stated, and we think negatives the contention.

### Decree

And now, May 13, 1935, upon due consideration of the facts contained in the case stated and the law cited in the

foregoing opinion, it is hereby decreed and directed that judgment be entered in favor of the plaintiff, Louis Miller & Company, and against the defendant, Brody Brothers, in the sum of $45, with interest from September 10, 1933.

From James L. Jack, Indiana.