## Cowell, to use, Appellant, v. Builders, Incorporated.

193

Argued October 18, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Hugh Roberts,* for appellant.

*Otto Kraus, Jr.,* for appellee.

OPINION BY PARKER, J., March 2, 1940:

In this action in assumpsit brought to recover a balance claimed to be due for wages, a trial judge sitting without a jury found for the defendant. A motion for a new trial was refused by the court and plaintiff has appealed to this court. The opinion of the learned judge of the court below fully sustains the conclusion reached.

The statement of claim alleged that Henry Cowell performed skilled labor at the instance and request of

defendant for the *agreed* price of $1.20 per hour but was paid at a less rate. The affidavit of defense admitted the employment and service but averred that the rate of wages was fixed at fifty cents per hour by a writing signed by the legal plaintiff, and that defendant had voluntarily paid him sixty cents per hour for a portion of the time and the agreed price of fifty cents for the remainder of the employment. That was the issue tried and decided adversely to the plaintiff. The trial judge filed an adjudication containing findings of fact and conclusions of law saying, inter alia: "His [the legal plaintiff's] own testimony fails to establish an express contract for the sum of $1.20 per hour and from his own account we must inevitably conclude that Paul G. Pearson, the defendant's superintendent, agreed to hire the defendant at 50 cents per hour and promised to increase his wages sometime in the future." He also found that the legal plaintiff had been paid fifty or sixty cents per hour for the time employed in accordance with that agreement.

The findings of fact of a trial judge sitting without a jury have the same binding effect as facts found by a jury and, if based on sufficient evidence, cannot be disturbed by us: *Russell v. Richard C. Remmey Son Co.,* 121 Pa. Superior Ct. 446, 449, 183 A. 649; *Osterling v. Frick,* 284 Pa. 397, 401, 131 A. 250.

The oral and written evidence supported the conclusion of the trial judge by a strong preponderance. In addition, the legal plaintiff during the entire course of his employment, extending over eight months, regularly receipted in writing for each week's pay at the rate claimed by defendant to have been agreed upon. The latter fact under ordinary circumstances "is to be deemed an estoppel against the assertion of any claim for additional compensation at this time": *Wagoner v. Phila.,* 215 Pa. 379, 382, 64 A. 557; *Kennedy's Estate,* 321 Pa. 225, 232, 183 A. 798; *Werkman v. Westmoreland Co.,* 128 Pa. Superior Ct. 297, 300, 194 A. 344.

The plaintiff also claimed below, and persists in the

claim here, that in any event he is entitled to recover the additional compensation upon what he describes as a quantum meruit. It is difficult to follow his reasoning in this respect. When the right to recover for work or labor is based on a quantum meruit, resort is had to an implied contract. The trial judge found that there was an actual contract and consequently the question of an implied contract disappeared from the case. "Where one declares upon an express contract but fails to prove it, he does not become entitled to recover by proving the value of the services rendered. Recovery on a quantum meruit basis could only be upheld if there was an amendment of the statement of claim, otherwise there remained a plain intent to base the case squarely on the theory sued on": *Nuebling v. Topton Boro.*, 323 Pa. 154, 156, 185 A. 725. Also see *Goldberg v. Wine*, 326 Pa. 335, 340, 192 A. 252.

However, the courts are liberal in allowing amendments sufficient to cover such a claim where the issue has actually been presented to and passed upon by the trial court and the defendant has not been unduly prejudiced thereby; but when we examine the factual basis of plaintiff's present claim, we find the departure from the pleadings to be much more pronounced than such as usually appears when the plaintiff pleads a definite contract and fails in that respect but shows what he actually earned. Here the plaintiff's claim when examined is not one of quantum meruit but rather a special claim based on a contract between the employer and a commission having in charge the erection of a bridge, where the contract was drawn so as to comply with a federal statute.

The plaintiff, on the theory that he wished to establish an implied contract and show what he had actually earned, was permitted to offer certain evidence tending to show that the legal plaintiff was employed by defendant in the construction of the Delaware River Bridge pursuant to a contract between the Delaware River Joint Commission and the defendant contractor, Build-

ers, Incorporated; that the project was carried on with the assistance of the federal government under the provisions of Title II of the National Industrial Recovery Act of June 16, 1933, 40 U. S. C. A. §401, et seq.; that the contract prescribed the rates that should be paid by contractors for skilled and common labor, but that the Board of Labor Review should hear all labor issues arising under the operation of the contract and that its decisions should be binding upon all parties; and that all employees were given the right of appeal to that board in order that they might have disputes as to compensation settled. There was also some evidence showing that the board did undertake to settle the controversy and held that the legal plaintiff was not a skilled laborer but a semi-skilled laborer and was entitled to sixty cents per hour for a portion of the time of his employment.

We have referred to sufficient facts with relation to the contract for the construction of the bridge to show that the present claim involves many matters of which no notice was given in the statement of claim and that the defendant was not in a position to defend against such new matters attempted to be introduced into the case by the plaintiff. The claim now made is so foreign to a claim upon an express contract of hiring that it became proper for the court below to enforce, as it did, the rule that the plaintiff must recover upon the basis of the contract sued upon unless he amends his statement of claim. If we understand the plaintiff's claim, there was a departure from fact to fact and also from law to law. The statement of claim proceeded under the general law of master and servant. The claim now made is by virtue of a contract entered into pursuant to a federal statute. Consequently, we have a change from the assertion of a cause of action under the common or general law to a reliance upon a contract made pursuant to a statute: *Union Pacific Ry. Co. v. Wyler*, 158 U. S. 285, 15 S. Ct. 877; *Allen v. Tuscarora Val. R. R. Co.*, 229 Pa. 97, 78 A. 34. There was a radical departure from the pleadings.

Judgment affirmed.