McNamara, Appellant, *v.* Uniflow Manufacturing Company.

Argued March 26, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Thomas E. Doyle,* for appellant.

*Enoch C. Filer,* for appellee.

OPINION BY MR. JUSTICE LINN, May 27, 1946:

The plaintiff appeals from judgment for the defendant notwithstanding the verdict for the plaintiff. He had been a salesman in defendant's employ from 1938 to 1942 pursuant to a contract or contracts whose terms were in part oral and in part written. It is unnecessary to state the terms of that employment because the controlling fact in the present review of the record is the legal effect to be given to a written contract dated November 9, 1942, which was executed November 19th of that year, terminating their relations on terms stated in the agreement and superseding the original arrangement. Parties may compromise by substituting one contract for another and thereby discharge the obligations imposed by the superseded contract; compare *Flegal v. Hoover et al.,* 156 Pa. 276, 27 A. 162; *Dreifus, Block & Co. v. Columbian Exposition Salvage Co.,* 194 Pa. 475, 45 A. 370; *York Metal & Alloys Co. v. Cyclops Steel Co.,* 280 Pa. 585, 124 A. 752; *Kefover v. Potter Trust Co.,* 320 Pa. 51, 181 A. 771. The learned court below held that the plaintiff was not entitled to recover as for breach of the parol contract relations existing prior to November 9, 1942; that this contract of 1942 was a substitute for the former and that no default in performance appeared. This agreement recited that the plaintiff had

accepted a position with the Army Air Corps and desired to cease representing the defendant as a "Manufacturer's Agent." * It was agreed that plaintiff should receive the balance unpaid of a "credit balance existing in [plaintiff's] favor as of January 1, 1942," and that other credits that might accrue through sales by distributors or from other sources on sales made by him until December 1, 1942, would be credited to his account. The agreement provided that if on December 15, 1942, there was any deficit in plaintiff's accounts, that is, if plaintiff had been overpaid on amounts credited to him, he would re-imburse defendant; the provision was in these words: "If there is a deficit existing, if and when [plaintiff] again takes on the proposition of representing the [defendant], he agrees to make up such deficit out of current earnings."

The court held, and we agree, that this was an agreement of compromise. While the instrument was presented to the plaintiff on November 9th, he did not sign it until November 19th. In the interim, according to the evidence, he considered whether he should execute it or not; there is no evidence of fraud, accident, or mistake. The consideration was paid. The obligations if any, owing by defendant and existing prior to November 9, 1942, were satisfied.

Judgment affirmed.

___

* With respect to this agreement, the following may be quoted from the opinion of the court entering judgment n. o. v.: "When this agreement was made it was at the request of the plaintiff himself, in that he was leaving the employ of the Company. Obviously, he wanted to wind up the affairs existing between himself and the Company, finally. The situation existing at the time this agreement was signed was most involved and complicated. There were many accounts, statements, and figures upon which the parties differed violently. In fact, the plaintiff said there then existed certain oral contracts which the Company denied ever existed. The Company said their figures showed this plaintiff actually had a deficit with the Company to the extent of $1059.00, which the plaintiff denied. It would be difficult to see how a more tangled conflict could exist between a Company and a sales agent."