Fritz *v.* Lyons, Appellant.

Argued October 9, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*F. Lyman Windolph,* with him *Charles V. Snyder, Jr.* and *Windolph, Burkholder & Hartman,* for appellant.

*William C. Storb,* for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

Louis J. E. Fritz filed a complaint in assumpsit against Gilbert I. Lyons. Plaintiff's action was based on a two-year written contract of employment. Defendant filed an answer admitting the execution of the contract but averring that, "by mutual consent of the parties, said agreement was never put into effect". The answer also contained a counterclaim, to which plaintiff replied. At the trial, after the introduction of plaintiff's testimony, counsel for defendant moved for a compulsory nonsuit on the ground of "estoppel by

acquiescence". This motion was overruled. Both parties presented points for binding instructions, which were refused. The case was submitted to the jury by the trial judge in a charge concerning which no complaint is made. After a verdict for the plaintiff, defendant filed a motion for judgment n.o.v., which was overruled. Judgment was entered on the verdict, and this appeal followed. The facts are set forth in the following excerpt from the opinion of President Judge WISSLER:

"According to the testimony plaintiff was employed by defendant, who operates an insulation and screen and storm window business in the City of Lancaster, as a mechanic from September, 1945 to June, 1948 and from June, 1948 until January, 1955 he was employed by defendant as a salesman. Up to May 29, 1952 he sold combination storm windows and screens, aluminum doors and insulation. After that date he was made manager of the window division. The employment of plaintiff was under an oral agreement or understanding until May 29, 1952 when a written contract, furnished by defendant, was entered into between plaintiff and defendant. Under the terms of said written agreement plaintiff was employed as manager of the window division for a period of two years from the date of the agreement. His duties consisted of the following: '(a) Assisting in the hiring, training and supervision of salesmen; (b) Supervision of the installation and servicing of all combination storm windows and screens sold by employer's firm; and (c) Selling and soliciting sales of combination storm windows and screens in the territory defined by the employer'. He was to receive for such services the following: '(a) Two per cent (2%) on the gross sales price of all combination storm windows and screens sold by employer's firm; (b) One-half (½) of all com-

missions paid to junior salesmen working in the window division of the employer's firm. By junior salesmen is meant those salesmen who are not fully trained; (c) A commission of fifteen per cent (15%) of the selling price on all sales of combination storm windows and screens made by the employee; and (d) An automobile allowance of Fifty dollars ($50.00) per month'.

"Plaintiff testified that he complied with the terms of the contract by training and supervising salesmen and the installation and servicing of storm windows and screens. It is agreed that if plaintiff is entitled to recover he would be entitled to the additional car allowance of $565.23; the sum of $1,031.32 being the 2% commission on sales made by him; and the sum of $600.00 for sales made by the employer.

"There is no dispute that during his period of employment plaintiff was paid on the basis of the compensation arrangement prior to the execution of the written contract of May 29, 1952. It is likewise not disputed that during the entire period of plaintiff's employment defendant, on or about the first of every month, submitted a written statement showing the price of the insulation and windows sold by plaintiff, the amount of commission due him on these sales, the credit due him as car expense and his drawing account for the preceding month, and that this practice continued after the signing of the agreement of May 29, 1952 without any protest of plaintiff. These amounts were for a lesser sum than he would have been entitled under the written contract. Plaintiff's explanation for accepting the lesser sum is that he assumed he would be paid the additional compensation as provided by the contract upon the expiration thereof".

Counsel for appellant contends "that there is a legal presumption that the written contract was abandoned". He points out that appellee had been em-

ployed by appellant for over six years before the execution of the contract, and remained in his employ for more than eight months after the expiration date; that at the time the contract was signed appellee was receiving commissions on sales at rates which had been orally agreed upon; that it had been appellant's practice to furnish appellee as of the last day of each month with a written statement of account; and that this practice continued at the old rates during the term of the contract and after its expiration date.

On the other hand appellee contends that the written contract did go into effect; that appellant supplied him with business cards indicating his new status as manager of the window division; that he faithfully complied with the contract; and that he accepted without protest the monthly statements at the former oral rates because he was under the impression that he would receive additional compensation due him under the written contract at the end of the two year period. Appellant's position was supported by the testimony of a former employe that, at a meeting in January, 1953, appellant told appellee that his earnings did not include the "override" or "bonus".

It is of course true, as appellant contends, that the parties to an agreement may rescind or abandon it. See *Muchow v. Schaffner*, 180 Pa. Superior Ct. 413, 119 A. 2d 568; *Klugh Estate*, 362 Pa. 166, 66 A. 2d 822; *Priester v. Milleman*, 161 Pa. Superior Ct. 507, 55 A. 2d 540. However, having admitted the execution of the written contract, appellant had the burden of proving its rescission or abandonment. See *Achenbach v. Stoddard*, 253 Pa. 338, 98 A. 604. We do not agree that the cases cited on appellant's behalf[1] support the

---

[1] *Webb v. Lees*, 149 Pa. 13, 24 A. 169; *Wagoner v. Philadelphia*, 215 Pa. 379, 64 A. 557; *Cowell v. Builders, Inc.*, 139 Pa. Superior

proposition that, as a matter of law, there can be no recovery in the instant factual situation. On the contrary, we are clearly of the opinion that the evidence in the case at bar presented a question of fact for the jury to determine, and that its verdict should not be disturbed. See *Craft Engineering Co. v. Messa,* 171 Pa. Superior Ct. 447, 90 A. 2d 628.

Judgment affirmed.

Ct. 192, 11 A. 2d 504; *Kennedy's Estate,* 321 Pa. 225, 183 A. 798; *Osborn v. Presser,* 8 Pa. D.R. 271; *Donahue v. Philadelphia,* 157 Pa. Superior Ct. 124, 41 A. 2d 879; *Robbins v. Weinstein,* 143 Pa. Superior Ct. 307, 17 A. 2d 629.