Kirk, Appellant, *v.* Brentwood Manor Homes, Inc.

Argued December 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

490

[REDACTED]

*Daniel Marcu*, with him *Marcu, Marcu and Marcu*, for appellants.

*Edward E. Dicker*, for appellees.

OPINION BY WRIGHT, J., March 24, 1960:

On June 27, 1956, James E. Kirk and Helen C. Kirk, his wife, filed a complaint in assumpsit against Brentwood Manor Homes, corporate defendant, and Murray G. Isard, individual defendant, to recover the total sum of $3,383.35 on an alleged oral contract. After defendants' preliminary objections were overruled and plaintiffs' motion for judgment on the pleadings was dismissed, the case was tried in the Municipal Court before Judge O'DONNELL without a jury. At the conclusion of plaintiffs' evidence, the trial judge granted defendants' motion for a compulsory nonsuit. The court en banc subsequently refused to remove the nonsuit, and in effect entered judgment for the defendants. Plaintiffs have appealed.

The record discloses that appellants entered into a written agreement under seal to purchase a dwelling being erected by Brentwood Manor Homes, Inc., hereinafter referred to as Brentwood, for the sum of $25,-640.00, and paid a deposit of $2,500.00. Appellants alleged that Murray G. Isard, President of Brentwood, was the real owner, and that Brentwood was merely a straw party. Appellants expended $532.05 for extra work, and paid for the installation of a dishwasher in the sum of $351.00. Appellants subsequently informed Isard that they could not go through with the

settlement and asked that the deposit be returned. Isard suggested that appellants consummate the settlement and resell the dwelling themselves. Appellants then raised the point that this would involve double settlement charges, transfer taxes, and real estate commissions. Isard "agreed to that, said yes, that was true". He further stated, "I don't think we will have any trouble reselling it", and "said they would go ahead and resell it, and he told me that if there were any expenses involved in reselling that property, they would take it out, and they would refund the balance of the money". Appellants offered to prove that the dwelling was thereafter sold to Leopold and Ruth Fuchs for an amount in excess of $25,640.00. The court below was of the opinion that there was no enforceable contract because the arrangement (1) was too vague and indefinite, and (2) lacked consideration.

In reviewing the entry or removal of a compulsory nonsuit, the plaintiff must be given the benefit of all the favorable testimony and every reasonable inference of fact arising therefrom and all conflicts therein must be resolved in his favor: *Seburn v. Luzerne and Carbon County Motor Transit Co.*, 394 Pa. 577, 148 A. 2d 534. It is also settled law that a nonsuit should be entered only in a clear case: *Kallman v. Triangle Hotel Co.*, 357 Pa. 39, 52 A. 2d 900; *Smith v. Farver*, 173 Pa. Superior Ct. 391, 98 A. 2d 247. These well established rules were most recently restated in *Freund v. Huster*, 397 Pa. 652, 156 A. 2d 534. Having examined this original record in the light of the foregoing principles, we have concluded that the court below erred in refusing to remove the nonsuit.

The parties to an agreement may always rescind or abandon it: *Fritz v. Lyons*, 185 Pa. Superior Ct. 549, 138 A. 2d 182. "It is clearly settled that parties who have undertaken contractual obligations by an agreement under seal, may nevertheless enter into a new

parol agreement creating obligations separate from the old ones and at variance with them, and such new agreement will be binding": *Myers v. Ohio-Penn Gas & Oil Co.*, 294 Pa. 212, 144 A. 93. Even where the written contract prohibits a non-written modification, it may be modified by subsequent oral agreement: *Wagner v. Graziano Construction Co.*, 390 Pa. 445, 136 A. 2d 82. A contract in writing for the purchase of land may be rescinded by parol, or by such conduct of the parties as clearly shows an intention to rescind: *Brownfield's Executors v. Brownfield*, 151 Pa. 565, 25 A. 92. See also *Muchow v. Schaffner*, 180 Pa. Superior Ct. 413, 119 A. 2d 568; *Priester v. Milleman*, 161 Pa. Superior Ct. 507, 55 A. 2d 540. The agreement to rescind a written contract need not be expressed in words, but may be inferred from the acts and declarations of the parties: *Weldon and Kelly Co. v. Pavia Co.*, 354 Pa. 75, 46 A. 2d 466. All that is necessary is a mutual agreement: *Roberts Estate*, 380 Pa. 600, 112 A. 2d 394. Whether or not the parties have so agreed is a question of intention, and the existence of such intention is ordinarily an issue for the jury: *Richardson v. Moyer*, 155 Pa. 174, 26 A. 21. And see *Arcuri v. Weiss*, 190 Pa. Superior Ct. 562, 155 A. 2d 475.

It is of course true that, in order for a contract to be enforceable, the agreement of the parties must be sufficiently definite that their intention may be ascertained to a reasonable degree of certainty: *Seiss v. McClintic-Marshall Corp.*, 324 Pa. 201, 188 A. 109. However, "the law does not require the impossible or impracticable of those who enter into business agreements or transactions; and it is therefore well settled that the terms of a contract need not be expressed with exactness but only with reasonable certainty".[1] In *Ross-*

---

[1] McKENRICK, J., in *Betterman v. American Stores Co.*, 16 Camb. 113, affirmed 367 Pa. 193, 80 A. 2d 66, certiorari denied 342 U. S. 827, 72 S. Ct. 49.

*massler v. Spielberger*, 270 Pa. 30, 112 A. 876, our Supreme Court quoted with approval the following excerpt from 6 R.C.L. 645: "The law does not favor, but leans against the destruction of contracts because of uncertainty. Therefore, the courts will, if possible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained". We are of the opinion that these appellants presented sufficient testimony to go to the jury. In the case of a disputed oral contract it is the exclusive function of the jury to determine its terms and the understanding of the parties: *McCormack v. Jermyn*, 351 Pa. 161, 40 A. 2d 477. It is for the jury to ascertain the meaning to be ascribed to the words employed in an oral contract, in the light of all the surrounding circumstances: *Lucacher v. Kerson*, 355 Pa. 79, 48 A. 2d 857. And see *Smail v. Penowa Coal Sales Co.*, 170 Pa. Superior Ct. 312, 85 A. 2d 660.

Turning now to the matter of consideration, it is true that appellees might have attempted to declare a forfeiture, a procedure which is not favored in our law. See *Graboyes v. Kapner*, 116 Pa. Superior Ct. 44, 176 A. 40. In the alternative, however, they could have entered into a contract to rescind the original agreement and return the down payment, as appellants assert. The present record does not show such a compliance with the original agreement by way of notice to appellants as would work a forfeiture. Comment a of Section 406 of the Restatement of Contracts reads as follows: "Where, however, there is a bilateral contract, and each party is still subject to some duty thereunder, the agreement of each party to surrender his rights under the contract affords sufficient consideration to the other for his corresponding agreement (see sec. 75(c), 76). It is immaterial that part of the contract has been performed on one side and nothing performed on the other, or that both sides have partly performed

and one side has performed much more than the other; or that there has been a partial breach of contract. Adequacy of consideration is immaterial (sec. 81). Therefore, since each party surrenders something which he might have retained, the agreement to rescind is effectual". In *Allardice v. McCain*, 375 Pa. 528, 101 A. 2d 385, this section of the Restatement was recognized as an accurate expression of the law in this Commonwealth.

In *Flegal v. Hoover*, 156 Pa. 276, 27 A. 162, our Supreme Court said (italics supplied) : "The parties to a contract may at any time rescind it, either in whole or in part, by mutual consent, and *the surrender of their mutual rights is* sufficient consideration". See also *McNamara v. Uniflow Manufacturing Co.*, 354 Pa. 174, 47 A. 2d 133; *Gibson v. Stainless Steel Sales Corp.*, 166 Pa. Superior Ct. 300, 70 A. 2d 861; *Rothstein v. Jefferson Ice Manufacturing Co.*, 137 Pa. Superior Ct. 298, 9 A. 2d 149. The mutual unexecuted undertakings of an existing contract are a sufficient consideration for cancellation of such contract and the substitution of a new one with different terms: *Himeles v. Rose*, 84 Pa. Superior Ct. 363. And see *Cheponis' Estate*, 148 Pa. Superior Ct. 515, 25 A. 2d 779. In the case at bar, the mutual consent to rescind the agreement of sale, with the consequent surrender by appellees of the right to assert a forfeiture, and the surrender by appellants of the right to take title to the property, constituted sufficient consideration for the alleged oral contract.

The judgment of nonsuit is reversed with a procedendo.