J. S17032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

PHILADELPHIA COKE COMPANY, INC.  :    IN THE SUPERIOR COURT OF
                          :          PENNSYLVANIA
            v.            :
                          :
KING USA CAPITAL, INC.,        :      No. 3285 EDA 2018
                          :
          Appellant      :

Appeal from the Judgment Entered November 26, 2018,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 170702579

BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 22, 2019**

King USA Capital, Inc., appeals from the November 26, 2018 judgment entered in the Court of Common Pleas of Philadelphia County following the trial court's grant of summary judgment in favor of Philadelphia Coke Company, Inc. ("Philadelphia Coke") and against appellant on Philadelphia Coke's declaratory judgment and breach of contract claims against appellant and on appellant's specific-performance counterclaims against Philadelphia Coke. We affirm.

The trial court set forth the following:

> On June 16, 2016, [Philadelphia Coke] and [appellant] entered into an agreement of sale ("the agreement") for real estate. The subject of the agreement was the land, improvements, personal property, and assignable licenses and permits of 4501 Richmond Street, Philadelphia, PA ("the property"). The agreed purchase price was $4 million. [Appellant] deposited

a cash payment of two hundred thousand dollars ($200,000.00) with a title company, which was held in escrow as an initial deposit pursuant to Section 3.2 of the agreement.

Provided in that agreement was a due diligence period and environmental due diligence period, both originally scheduled to end on December 12, 2016. The agreement provided in Section 3.1(b)(ii) that if the buyer did not terminate the agreement prior to the expiration of the due diligence period, then on the last day of the due diligence period, the buyer "shall deposit by wire transfer of immediately available funds, in escrow with the title company, an additional cash payment of Two Hundred Thousand Dollars ($200,000)…"[Footnote 1] Section 3.3 also provided that in the event buyer failed to make the additional deposit when due, the agreement shall "immediately and automatically terminate."[Footnote 2]

[Footnote 1] Agreement of Sale § 3.1(b)(ii).

[Footnote 2] Agreement of Sale § 3.3.

In December of 2016, [appellant] requested an extension of the two due diligence periods until April of 2017 to resolve environmental and zoning issues. On December 23, 2016, [Philadelphia Coke] granted [appellant] an extension until January 31, 2017. At issue before the court is the date to which the agreement was properly extended. There were no additional communications on the record regarding the extension between December and March of 2017.

On March 22, 2017 [Philadelphia Coke] sent a letter to [appellant] informing [appellant] the agreement was terminated. As evidenced in the record, there were various communications following the March 22, 2017 letter between [appellant] and [Philadelphia Coke]. The parties discussed, among other things, the potential for entering into a new contract. Consistent in these communications is [Philadelphia Coke's] repeated declaration that the current

> agreement was terminated. The final communication was a June 26, 2017 letter from [appellant] to [Philadelphia Coke] again objecting to the release of escrow deposit.
>
> [Philadelphia Coke] subsequently filed a two-count complaint for declaratory judgment and breach of contract on August 4, 2017. An amended complaint was later filed on January 19, 2018. [Appellant] responded with its answer and new matter on March 8, 2018. [Philadelphia Coke] filed its motion for summary judgment on August 20, 2018 and [appellant] responded on September 19, 2018.

Trial court opinion, 10/16/18 at 1-3 (ellipsis in original).

On October 16, 2018, the trial court entered an order granting Philadelphia Coke's motion for summary judgment in favor of Philadelphia Coke on its declaratory judgment and breach of contract claims against appellant and on appellant's specific-performance counterclaims. On October 30, 2018, Philadelphia Coke filed a motion for determination of damages incurred to date and entry of judgment. On November 6, 2018, appellant filed a notice of appeal to this court. The trial court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 26, 2018, the trial court filed an opinion requesting that this court affirm its October 16, 2018 order for the reasons set forth in the opinion that accompanied its October 16, 2018 order. Also on November 26, 2018, the trial court granted Philadelphia Coke's motion for determination of damages, calculated Philadelphia Coke's damages to date to be $309,129.42, and awarded post-judgment interest at the statutory

6 percent rate equal to $50.68 per day from the November 26, 2018 entry of judgment date.

Appellant frames its issues on appeal as follows:

> Whether the trial court erred in granting [Philadelphia Coke's] motion for summary judgment as genuine issues of material fact in dispute still exist, including:
>
> 1) Whether [Philadelphia Coke's] conduct, including continued and requested engagement with [appellant] on contract issues, despite [appellant's] nonpayment of the additional deposit when due, had constituted a waiver of its contractual right to the said deposit; and
>
> 2) Whether [Philadelphia Coke] suffered any resultant damages as it terminated the contract without giving [a]ppellant any advance notice or any chance to cure the default and [a]ppellant offered to close the deal at full price without any conditions attached[?]

Appellant's brief at 2-3.

At the outset, we note that Philadelphia Coke requests that we quash this appeal as interlocutory. Philadelphia Coke contends that the October 16, 2018 order appealed from was not a final order as required by Pa.R.A.P. 341(b)(1) because it did not determine the damages that it was entitled to under the terms of the parties' agreement and, as such, did not

dispose of all claims.[1]  *See* Pa.R.A.P. 341(b)(1) (defining a final order as any order that "disposes of all claims and of all parties").  Although appellant filed its notice of appeal prior to the trial court's determination of damages and prior to entry of final judgment, a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction.  *Drum v. Shaull Equip. and Supply Co.*, 787 A.2d 1050 (Pa.Super. 2001), *appeal denied*, 803 A.2d 735 (Pa. 2002).  Appellant's notice of appeal was premature when filed, but it related forward to November 26, 2018, the date the final judgment was entered.  *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  Consequently, there are no jurisdictional impediments to our review.

Appellant claims that the trial court erred in granting summary judgment in favor of Philadelphia Coke.

> This Court's scope of review of an order granting summary judgment is plenary.  *Basile v. H & R Block, Inc.*, 563 Pa. 359, 761 A.2d 1115, 1118 (2000).  Our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or clearly abused its discretion.  *Id.*  Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is

---

[1] We note that in its brief, Philadelphia Coke also claims that the October 16, 2018 order is not a final order pursuant to Pa.R.A.P. 341(b)(2). Rule 341(b)(2), however, was rescinded on December 14, 2015, effective April 1, 2016, and appellant filed its notice of appeal to this court on November 6, 2018, which was clearly after the effective date of the rescission.

> entitled to judgment as a matter of law. Pa.R.Civ.P. 1035.2; ***see also Murphy v. Duquesne Univ. of the Holy Ghost***, 565 Pa. 571, 777 A.2d 418, 429 (2001). The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. ***Basile***, 761 A.2d at 1118. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. ***Id.*** (citing ***Cochran v. GAF Corp.***, 542 Pa. 210, 666 A.2d 245, 248 (1995)).

***Gilbert v. Synagro Cent., LLC***, 131 A.3d 1, 10 (Pa. 2015) (citation omitted).

The elements of a breach of contract cause of action are (1) the existence of a contract, (2) breach of the duties imposed by the contract, and (3) damages. ***Joyce v. Erie Ins. Exchange***, 74 A.3d 157, 168 (Pa.Super. 2013).

Here, the parties do not dispute the existence of the agreement. The parties also do not dispute that appellant failed to pay the additional $200,000 deposit on the due date. Appellant contends, however, that "despite its non-payment of the additional deposit when due," Philadelphia Coke's "conduct, including continued and requested engagement with [appellant] on contract issues," "constituted a waiver of its contractual right to said deposit." (Appellant's brief at 12; ***see also*** appellant's "response in opposition to [Philadelphia Coke's] motion for summary judgment and statement of opinion of material facts in issue," 9/12/18, 2 at ¶ 11.) In support, appellant relies on ***Kirk v. Brentwood Manor Homes, Inc.***, 159 A.2d 48, 50-51 (Pa.Super. 1960), for the seeming proposition that where, as

here, a written agreement contains a "no oral modification provision," the agreement may nevertheless be modified by the conduct of the parties. (Appellant's brief at 15-16.) Appellant maintains that Philadelphia Coke's conduct before and after appellant's "nonpayment of the additional deposit when due had clearly signaled its acquiescence to or even acceptance of the nonpayment." (*Id.* at 16.)

Our supreme court explained that in *Kirk*, this court:

> said that "Even where the written contract prohibits a non-written modification, it may be modified by subsequent oral agreement." This is true but there must first be a waiver of the requirement which has been spelled out in the contract. Otherwise, written documents would have no more permanence than writings penned in disappearing ink. If this, the defendants' argument, were to prevail, contractual obligations would become phantoms, solemn obligations would run like pressed quicksilver, and the whole edifice of business would rest on sand dunes supporting pillars of rubber and floors of turf. Chaos would envelop the commercial world.

*C.I.T. Corp. v. Jonnet*, 214 A.2d 620, 622 (Pa. 1965).

Here, the record does not contain a scintilla of evidence – and appellant does not claim – that the parties waived the no oral modification provision in the agreement. Indeed, the record demonstrates that the only modification the parties made was to extend the due diligence periods, which modification was in writing, as evidenced by copies of electronic mails contained in the record. The record further demonstrates that Philadelphia Coke repeatedly

notified appellant that the agreement was terminated and that appellant was in default.

Viewing the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party, reasonable minds cannot differ and the trial court properly entered summary judgment on Philadelphia Coke's breach of contract claim.

Appellant next contends that the trial court erred in awarding damages on Philadelphia Coke's breach of contract claim for two reasons. First, appellant claims that because it did not breach the contract and Philadelphia Coke terminated without permitting appellant to cure the default, Philadelphia Coke suffered no damages. As discussed above, the trial court properly entered summary judgment in favor of Philadelphia Coke on the breach of contract claim. Therefore, this claim lacks merit. Second, appellant complains that because it offered "to tender the additional deposit and close the deal under the original agreement at full price without any restrictions attached, in which [appellant] would accept the property on an 'as is' condition and indemnify [Philadelphia Coke] for any potential liabilities," it did not suffer any damages. (Appellant's brief at 22-23.) Appellant cites to no authority – and we are aware of none – to support its proposition that a party can breach a contract and escape liability for damages simply by proposing a new deal on its own terms. To quote our supreme court, if we accepted this argument,

"[c]haos would envelop the commercial world." ***C.I.T. Corp.***, 214 A.2d at 622.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/19